UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARNELL L. GREER, | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : CIVIL NO. 3:CV-06-744 |
| | : |
| YORK COUNTY AND YORK COUNTY, | : (Judge Conaboy) |
| JUDICIAL CENTER | : |
| | : |
| Defendants | : |

_____

**MEMORANDUM**

**Background**

Darnell L. Greer, an inmate presently confined at the York County Prison, York, Pennsylvania, initiated this pro se civil rights action. Along with his complaint, Plaintiff has submitted a request for leave to proceed in forma pauperis.[1] For the reasons set forth below, Greer's action will be dismissed, without prejudice, as legally frivolous pursuant to the screening provisions of 28 U.S.C. § 1915.

Named as Defendants are York County and the York County Judicial Center. Plaintiff states that on May 31, 2005, "Judge

---

1. Greer completed this Court's form application to proceed in forma pauperis and authorization to have funds deducted from his prison account. The Court then issued an Administrative Order directing the Warden of the York County Prison to commence deducting the full filing fee from Plaintiff's prison trust fund account.

1

Sheryl Ann Dorney at York County Judicial Center sentenced me to serve concurrent sentences consecutively for violation of parole." Doc. 1, ¶ IV(1).  Greer alleges that he "was not informed about serving concurrent sentences consecutively during original sentence nor was I informed of the legality of the sentence after the violation hearing." Id. at (2).  His remaining contention is that he is "now serving a prison sentence that exceeded my original sentence maximum date." Id. at (3).  Greer seeks twenty (20) million dollars in compensatory damages and requests his release as soon as possible.  See id. at ¶ V.

## Discussion

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis under 28 U.S.C. § 1915, e.g., that the full filing fee ultimately must be paid (at least in a non-habeas suit)  § 1915(e)(2)provides:

> (2) Notwithstanding any filing fee, or any portion
> thereof, that may have been paid, the court shall
> dismiss the case at any time if the court determines
> that (A) the allegation of poverty is untrue; or (B)
> the action or appeal (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be
> granted; or (iii) seeks monetary relief against a
> defendant who is immune from such relief.

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may rule that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions.  Neitzke v. Williams, 490 U.S. 319,

327-28 (1989); <u>Wilson v. Rackmill</u>, 878 F.2d 772, 774 (3d Cir. 1989).  Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ."  <u>Roman v. Jeffes</u>, 904 F.2d 192, 194 (3d Cir. 1990) (quoting <u>Sultenfuss v. Snow</u>, 894 F.2d 1277, 1278 (11th Cir. 1990)).

The United States Court of Appeals for the Third Circuit has added that "the plain meaning of 'frivolous' authorizes the dismissal of <u>in</u> <u>forma</u> <u>pauperis</u> claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial."  <u>Deutsch v. United States</u>, 67 F.3d 1080, 1083 (3d Cir. 1995).  It also has been determined that "the frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal.  <u>Denton</u>, 504 U.S. at 33.

Municipal bodies or other local governmental units, such as the present Defendants[2], are not part of a state for Eleventh Amendment purposes, but are persons subject to suit under 42 U.S.C. § 1983.  <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658, 690-91 (1978)("Congress <u>did</u> intend municipalities and other local government units to be included among those persons to whom § 1983

---

2.  It is presumed that the York County Judicial Center is actually the York County Court of Common Pleas since Judge Dorney is a member of that Court.

3

applies.") "Local governing bodies, like every other § 1983 'person,' by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Id. See also Board of County Comm'rs of Bryan County, OK v. Brown, 520 U.S. 398, 403-07 (1997); Roman v. Jeffes, 904 F.2d 192, 196-97 (3d Cir. 1990); Illiano v. Clay Township, 892 F. Supp. 117, 121 (E.D. Pa. 1995).

However, it has been repeatedly held that a municipality may not be subjected to § 1983 liability on a theory of respondeat superior. Bryan County, 520 U.S. at 403; City of Canton v. Harris, 489 U.S. 378, 392 (1989); Pembaur v. Cincinnati, 475 U.S. 469, 478-79 (1986); Monell, 436 U.S. at 691; Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996); Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990). Rather, "... a plaintiff seeking to impose liability on a municipality under § 1983 [is required] to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." Bryan County, 520 U.S. at 403; Beck, 89 F.3d at 971. In Bryan County, the United States Supreme Court elaborated on the showing required for municipal liability under § 1983, stating:

> . . . [I]t is not enough for a § 1983
> plaintiff merely to identify conduct
> properly attributable to the municipality.
> The plaintiff must also demonstrate that
> through its deliberate conduct, the
> municipality was the 'moving force' behind
> the injury alleged. That is, a plaintiff
> must show that the municipal action was

4

>             taken with the requisite degree of
>             culpability and must demonstrate a direct
>             causal link between the municipal action
>             and the deprivation of federal rights.

Id. at 404; see Kneipp v. Tedder, 95 F.3d 1199, 1213 (3d Cir. 1996).

The United States Court of Appeals for the Third Circuit has held that a municipality can be held liable under § 1983 "only when 'execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'" Andrews, 895 F.2d at 1480 (citing Monell, 436 U.S. at 694).[3]

A review of the present complaint establishes that Greer has not set forth any claim that his constitutional rights were violated as the result of any York County or York County Court of

---

3.   There are two ways in which a governmental policy or custom is established:
>             Policy is made when a 'decisionmaker
>             possess[ing] final authority to establish
>             municipal policy with respect to the
>             action' issues an official proclamation,
>             policy, or edict. Pembaur v. City of
>             Cincinnati, 475 U.S. 469, 481, 106 S. Ct.
>             1292, 1299, 89 L. Ed. 2d 452 (1986). A
>             course of conduct is considered to be a
>             'custom' when, though not authorized by
>             law, 'such practices of state officials
>             [are] so permanent and well settled' as to
>             virtually constitute law. Monell, 436
>             U.S. at 690, 98 S. Ct. at 2035 (quoting
>             Adickes v. S.H. Kress & Co., 398 U.S. 144,
>             167-68, 90 S. Ct. 1598, 1613-14, 26 L. Ed.
>             2d 142 (1970)). Accord Anela v. City of
>             Wildwood, 790 F.2d 1063, 1067 (3d Cir.
>             1986).

Common Pleas policy or custom.  It is also noted that judges are absolutely immune from suit for damages for conduct performed in the course of their official duties.  <u>Stump v. Sparkman</u>, 435 U.S. 349, 359 (1978); <u>Oatess v. Sobolevitch</u>, 914 F.2d 428, 431 (3d Cir. 1990) (recognizing that a court may dismiss an allegation against a judge based on an exercise of judicial power).  Consequently, the complaint to the extent that it seeks to aset a claim based on actions taken by Judge Dorney in the course of her official duties is likewise baseless.  Pursuant to the above discussion, both of the named Defendants are entitled to entry of summary dismissal.

Second, it is well-settled that inmates challenging the duration of their confinement or seeking earlier or speedier release must assert such claims in a properly filed habeas corpus petition.  <u>Preiser v. Rodriquez</u>, 411 U.S. 475 (1975).  The United States Court of Appeals for the Third Circuit has similarly recognized that civil rights claims seeking release from confinement sounded in habeas corpus.  <u>See</u> <u>Georgevich v. Strauss</u>, 772 F.2d 1078, 1086 (3d Cir. 1985).  In <u>Edwards v. Balisok</u>, 520 U.S. 641, 646 (1997), the United States Supreme Court concluded that a civil rights claim for declaratory relief "based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable" in a civil rights action. <u>Id</u>. at 646.

As noted above, Greer's present complaint challenges the validity of a May 31, 2005 parole violation sentence and seeks his release from confinement.  Thus, Greer is clearly attacking the

legality and length of his ongoing sentence.  Pursuant to the standards set forth in Preiser, Georgevich and Edwards, Plaintiff' claim for injunctive relief, which seeks his release from confinement, is not properly raised in a civil rights complaint. The only appropriate way for him to challenge the validity of his current sentence is via a properly filed habeas corpus petition.

Greer also seeks an award of compensatory damages. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid", until the Plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  Id. at 486-87.

Thus, Greer's request for compensatory damages is premature because he cannot maintain a cause of action for unlawful imprisonment until the basis for that imprisonment is rendered invalid.  Pursuant to the above discussion, Plaintiff's complaint will be dismissed, without prejudice.  An appropriate Order will enter.

                                        S/Richard P. Conaboy
                                        RICHARD P. CONABOY
                                        United States District Judge

DATED: APRIL 13, 2006

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

```
DARNELL L. GREER,                      :
                                       :
          Plaintiff                    :
                                       :
     v.                                :    CIVIL NO. 3:CV-06-744
                                       :
YORK COUNTY AND YORK COUNTY,           :    (Judge Conaboy)
JUDICIAL CENTER                        :
                                       :
          Defendants                   :
```
_____

**ORDER**

    AND NOW, THEREFORE, THIS 13th DAY OF APRIL, 2006, IT IS HEREBY ORDERED THAT:

    1.    Plaintiff's complaint is dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i).

    2.    The Clerk of Court is directed to close the case.

    3.    Any appeal from this order will be deemed frivolous, without probable cause and not taken in good faith.

                                            <u>S/Richard P. Conaboy</u>
                                              RICHARD P. CONABOY
                                        United States District Judge